IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY A. DEGENES, ) | |
| ) | |
| Plaintiff, ) | No. 2:07-cv-01370-NBF |
| v. ) | |
| ) | VIA ELECTRONIC FILING |
| TIM MURPHY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION TO DISMISS OF DEFENDANT TIM MURPHY**

Pro se plaintiff Anthony DeGenes, a constituent of Congressman Tim Murphy, seeks an injunction compelling the Congressman to provide Mr. DeGenes with "a written explanation as to why [the Congressman] will not present [Mr. DeGenes' proposed] legislation" and an explanation "why the Congressman refuses to contact [him]," and his costs of suit. Complaint at 5 (Oct. 11, 2007).

This is a patently frivolous lawsuit and must be dismissed for lack of subject matter jurisdiction, failure to state a claim and insufficiency of service of process.

**FACTUAL BACKGROUND**

According to the Complaint, Mr. DeGenes contacted Congressman Murphy's district office in Mt. Lebanon in November 2006 about proposing legislation providing for the creation of an agency that would compile "unbiased investigative reports" for individual Americans. Letter from Anthony DeGenes to Congressman Tim Murphy at 1 (Nov. 16, 2006), attached to Complaint as Exhibit #4. Mr. DeGenes' legislative proposal appeared to stem from difficulties

1

he had had with an attorney he hired to conduct an investigation for him. *Id*. According to the Complaint, the Congressman and his staff have not moved forward on Mr. DeGenes' legislative proposal. Complaint at ¶¶ 17-35.

## ARGUMENT

**I.     The Complaint Must Be Dismissed for Lack of Subject Matter Jurisdiction.**

    **A.     Mr. DeGenes Lacks Standing to Sue.**

This Court's jurisdiction is limited by article III, § 2 of the Constitution to "cases" and "controversies." *Allen v. Wright*, 468 U.S. 737, 750, *reh'g denied*, 468 U.S. 1250 (1984). The Supreme Court has emphasized that justiciable cases and controversies must be "definite and concrete, touching the legal relations of parties having adverse legal interests . . . . admitting of specific relief through a decree of a conclusive character . . . ." *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240-41 (1937) (citations omitted). To satisfy the article III case-or-controversy requirement, Mr. DeGenes must have standing, and to establish standing, he must demonstrate

> First . . . an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) "actual or imminent, not 'conjectural' or 'hypothetical'" . . . . Second, there must be a causal connection between the injury and the conduct complained of . . . . Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (citations omitted).

The allegations in Mr. DeGenes' Complaint fail to establish any of the elements of standing. First, Mr. DeGenes has not identified an "injury in fact." While he asserts that he has "the right to a written reply from Congressman Murphy" concerning his legislative proposal, Complaint at 6, this assertion does not constitute a legally protected interest the violation of which would give rise to an injury in fact.

2

Second, even if there were a concrete injury in this case – which, at best, would be the injury he suffered when Attorney Robin Grassel failed to complete Mr. DeGenes' investigation, *id*. at ¶ 5 – there is no causal connection between that injury and any conduct on the part of Congressman Murphy. Nowhere in the Complaint does Mr. DeGenes describe any specific actions or omissions by the Congressman that could have caused his alleged injury.

Finally, Mr. DeGenes' alleged injury would not be redressed by a favorable decision in this case. That is, even if the court were to order Congressman Murphy to give Mr. DeGenes the written explanations he seeks, his alleged injury remains unaddressed. An "explanation" from Congressman Murphy would not complete the investigation Attorney Grassel failed to complete; would not result in legislation be drafted; would not result in legislation being introduced in the House of Representatives; and certainly would not result in legislation being passed by the House and Senate and signed by the President.

For all these reasons, Mr. DeGenes lacks standing to sue.

**B.  Congressman Murphy Is Immune From This Lawsuit.**

**1.  Sovereign Immunity**

Mr. DeGenes is suing Congressman Murphy solely for actions (or omissions) taken, if at all, in his official capacity. For actions taken in an official capacity, Congressman Murphy is protected by the doctrine of sovereign immunity. *See Keener v. Congress of the United States*, 467 F.2d 952, 953 (5th Cir. 1972) (sovereign immunity applies to the legislative branch), *and Hawaii v. Gordon*, 373 U.S. 57, 58 (1963) ("[R]elief sought nominally against a[] [government] officer is in fact against the sovereign if the decree would operate against the latter."). Sovereign immunity is a bar to the exercise of jurisdiction by this Court absent an "unequivocally

expressed" waiver of that immunity. *See United States v. King*, 395 U.S. 1, 4 (1969). Here, the Complaint does not recite a specific statutory waiver of sovereign immunity, and we are not aware of any.

### 2.     Qualified Immunity

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982), holds that federal officials are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* at 818. *See also Anderson v. Creighton*, 483 U.S. 635, 639-640 (1987) (interpreting *Harlow* to require that the right violated be described with specificity and that "the unlawfulness must be apparent").

Mr. DeGenes claims only that he has a "right to a written reply from Congressman Murphy" regarding his legislative proposal. Complaint at 6. Because there is no "clearly established statutory or constitutional right[]" to have one's proposed legislation considered by one's Congressman, the complaint falls well short of the specificity and clarity required by the Court in *Harlow*. As the Complaint neither identifies a specific right violated nor describes any conduct on the part of Congressman Murphy that could violate such a right, the Congressman is immune under *Harlow* from Mr. DeGenes' claims.

### 3.     Speech or Debate Clause.

To the extent Mr. DeGenes' Complaint is based on Congressman Murphy's refusal to sponsor his proposed legislation, the Congressman is absolutely immune from suit under the Speech or Debate Clause. U.S. Const. art. I, § 6, cl. 1 ("[F]or any Speech or Debate in either House, [the Senators and Representatives] shall not be questioned in any other place.").

The central purpose of the Speech or Debate Clause

> is to insure that the legislative function the Constitution allocates
> to Congress may be performed independently.
>
> . . . .
>
> [T]he "central role" of the Clause is to "prevent intimidation of
> legislators by the Executive and accountability before a possibly
> hostile judiciary. . . ."

*Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 502 (1975) (quoting *Gravel v. U.S.*, 408 U.S. 606, 617 (1972)); *see also Veith v. Pennsylvania*, 67 Fed. App'x 95, 99 (3rd Cir. 2003) (Speech or Debate Clause "shields the legislature from delay and disruption"). The Clause protects Members of Congress and their aides from, among other things, being prosecuted civilly or criminally for their legislative activities which includes all activities that are:

> an integral part of the deliberative and communicative processes
> by which Members participate in committee and House
> proceedings with respect to the consideration and passage or
> rejection of proposed legislation or with respect to other matters
> which the Constitution places within the jurisdiction of either
> House.

*Gravel*, 408 U.S. at 625.

The Supreme Court has "[w]ithout exception . . . read the Speech or Debate Clause broadly to effectuate its purposes," *Eastland*, 421 U.S. at 501, and stated unequivocally that when the privilege applies, it is "absolute." *Id*. at 501, 503, 507, 509-10, 510 n.16; *Gravel*, 408 U.S. at 623 n.14; *Barr v. Matteo*, 360 U.S. 564, 569 (1959).

Accordingly, to the extent that Mr. DeGenes' Complaint centers around his belief that Congressman Murphy did not perform his legislative duties in a satisfactory manner, the suit is absolutely barred by the Speech or Debate Clause. *See, e.g.*, *Gravel*, 408 U.S. at 617 (Speech or Debate Clause applies to "act of voting"); *Quillin v. U. S. Government*, 589 F. Supp. 830, 831 (N.D. Iowa 1984) ("[T]he Speech and Debate Clause . . . bars judicial inquiry in regard to the

legislature's failure to enact remedial legislation.").

**II.     The Complaint Must Be Dismissed for Failure to State a Claim.**

The government's failure to act in a way desired by a particular individual does not give rise to a legal cause of action. *See Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 464 (1979) ("The First Amendment protects the right of an individual to speak freely, to advocate ideas, to associate with others, and to petition his government for redress of grievances. . . . But the First Amendment does not impose any affirmative obligation on the government to listen [or] respond" to any individual constituent's requests for assistance.); *Minnesota State Bd. for Cmty. Colls. v. Knight,* 465 U.S. 271, 285 (1984) (no First Amendment right to compel policymakers to satisfy claims for redress).

Accordingly, Mr. DeGenes' Complaint fails to state a claim and should be dismissed pursuant to Civil Rule 12(b)(6).

**III.    The Complaint Must Be Dismissed Because Service of Process Was Insufficient.**

Mr. DeGenes was required by Rule 4 to serve the Complaint and Summons on Congressman Murphy individually, as well as on the Attorney General and the U.S. Attorney for the Western District of Pennsylvania. Fed. R. Civ. P. 4(i)(2)(A). According to this Court's docket (PACER), Mr. DeGenes did none of those things. Instead, he sent a copy of the Complaint and Summons to Congressman Murphy's Pittsburgh district office where it was received by an intern who was not authorized to accept service of process on the Congressman's behalf.

Accordingly, since service of process was insufficient, the Complaint should also be dismissed pursuant to Civil Rule 12(b)(5).

**CONCLUSION**

For all the foregoing reasons, Congressman Murphy's Motion to Dismiss should be granted.

                    Respectfully submitted,

                    GERALDINE R. GENNET, General Counsel
                    DC213439
                    geraldine.gennet@mail.house.gov

                       s/ Kerry W. Kircher
                    KERRY W. KIRCHER, Deputy General Counsel
                    DC386816
                    kerry.kircher@mail.house.gov

                    Office of General Counsel
                    U.S. House of Representatives
                    219 Cannon House Office Building
                    Washington, D.C. 20515
                    (202) 225-9700 (phone)

                    Counsel for Defendant Tim Murphy

October 25, 2007

## CERTIFICATE OF SERVICE

I certify that on October 25, 2007, I served one copy of the foregoing Memorandum of Points and Authorities in Support of Motion to Dismiss of Defendant Tim Murphy by first-class mail, postage prepaid, on:

>    Anthony A. DeGenes
>    300 Van Wyck Avenue
>    Brentwood, PA 15227

                                   s/ Kerry W. Kircher
                                   Kerry W. Kircher